## DAVID v. FERRAND.

A debtor of one declared a bankrupt under the act of Congress of 19 Aug. 1841, when proceeded against by an individual creditor of the bankrupt for the purpose of obtaining, separately, satisfaction of his claim. may set up in defence the exclusive right of the assignee of the bankrupt to recover the debt, and the pendency of a suit instituted by the latter for that purpose.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *David*, appellant, *pro se*. *L. Janin*, for the defendant. The judgment of the court was pronounced by

KING, J. After *Louis Ferrand* had been declared a bankrupt, the plaintiff, as curator of *M. A. Huguin*, instituted a suit against him, and recovered a judgment for a sum of money. Under the execution which issued upon this judgment, the plaintiff caused to be seized, in the hands of *François Auguste*, rents which had accrued upon certain property in St. Philip street, of which *Auguste* claims to be the owner. The plaintiff also presented to the district judge a petition, in which he averred that *Auguste* had received rents to an amount sufficient to satisfy his judgment with interest and costs, from the property in question, which property this court declared in the case of *Bernard* v. *Auguste*, 1 An. R. 69, to belong to neither of the parties to that controversy, but to the creditors of *Louis Ferrand*, and that, as a creditor of *Ferrand*, these rents were subject to seizure, in satisfaction of his claims. He concluded with a prayer that *Auguste* should be required to answer under oath certain interrogatories appended to his petition, the object of which was to ascertain the amount of rents received. To this petition *Auguste* excepted. and averred that, from the plaintiff's own allegations, if true, the assignee of the bankrupt alone had the right to recover the property and rents, and that the assignee had instituted a suit against him for that purpose, which was then pending in the District Court of the United States. He also took a rule on the plaintiff to show cause why seizures of rents, made in the hands of his tenants, should not be set aside. The exceptions were sustained, and the rule made absolute in the court below; and the plaintiff has appealed.

We think there is no error in the judgment appealed from. If the property upon which the rents accrued belongs, as is alleged, to *Ferrand's* creditors, it can only be claimed by the assignee of the bankrupt, for the benefit of all the creditors. Individual creditors cannot be permitted to enforce their claims separately upon it, the effect of which would be to defeat the ends of the bankrupt law, one of the purposes of which is to distribute the proceeds of the bankrupt's estate generally among the creditors, with such privileges and preferences as are established by the act. It was competent to *Auguste* to make this defence, as a writ was actually pending against him to recover the property in question.                                        *Judgment affirmed.*